IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01873-ZLW-MEH

JOAN McDONALD,

                      Plaintiff,

v.

WELCH EQUIPMENT COMPANY, a Colorado corporation.

                      Defendant.

## STIPULATED PROTECTIVE ORDER

Under Rule 26(c) and 26(c)(7), FED. R. CIV. P., upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential personnel, personal or commercial information and information that will improperly annoy, embarrass or oppress any party, witness, or person providing discovery in this case and facilitate the prompt resolution of disputes over confidentiality, it is HEREBY ORDERED that:

1. This Stipulated Protective Order shall apply to all documents, materials or information produced or provided by the parties during the course of discovery in the above-styled matter may be designated as "Confidential Information" so long as the party who seeks confidentiality has a good faith belief that such document or information is entitled to confidentiality under the terms of this Order.

2. For purposes of this Order, "Confidential Information" means (a) any personnel or personal information for current or former employees of defendant Welch Equipment Company ("Welch"), its parent or subsidiaries, including any personnel database identifying

1

such employees, (b) any document or information designated as confidential in accordance with paragraph 6 of this Order, and (c) any aggregation of Confidential Information. The identification of an individual document or category of documents or information as Confidential Information under paragraphs 2(b) or 2(c) may be challenged pursuant to paragraph 10 of this Order.

3. For purposes of this Order, "Document" is defined as provided in Rule 34(a), FED. R. CIV. P. and includes all written, recorded, or graphic material, in hard copy or electronic format, including but not limited to deposition transcripts and exhibits, trial and hearing transcripts and exhibits, pleadings, motions, affidavits, and briefs that may quote, summarize, or contain Confidential Information.

4. For purposes of this Order, "Producing Party" means a party that produces Confidential Information or other information in connection with this litigation.

5. For purposes of this Order, "Recipient" means a named party in this litigation (or counsel thereto and their agents) who receives Confidential Information or other information in connection with the litigation.

6. A. The Producing Party may designate as Confidential Information any information it reasonably believes to be confidential, including, without limitation, (i) non-public information about a past, present or potential employee of Welch or a subsidiary, including personnel records, evaluations, compensation levels, databases, surveys, statistical analyses, analyses of personnel practices, or other information incorporating or aggregating information pertaining to individuals, and (ii) trade secrets or other non-public proprietary, strategic or commercial information, data or research of Welch or one or more of its subsidiaries.

B. To designate Confidential Information on Documents, the Producing Party shall place a legend or stamp upon the Document indicating such in a way that brings the designation to the attention of a reasonable examiner, or otherwise puts the Recipient on reasonable notice that it contains Confidential Information. To designate Confidential Information in testimony (or in exhibits referred to therein), the Producing Party shall (a) make an oral statement to that effect on the record, or (b) notify the Recipient in writing at any time up until twenty (20) days after receipt of the transcript.

7. The Recipient of Confidential Information shall use that information solely in connection with this litigation or related litigation, and shall not disclose Confidential Information to any person except:

a) named plaintiff, in accordance with the procedures set forth in paragraph 8 of this Order;

b) the Court, its officers (including court reporters) and jurors;

c) counsel of record in this action and employees of counsel in this action who have been actively engaged in the conduct of this litigation;

d) Welch's or its subsidiaries' or affiliates' in-house counsel;

e) experts or litigation consultants engaged by counsel to assist in this litigation, provided that these expert witnesses or litigation consultants expressly agree to be bound by the terms of this Order and not to disclose Confidential Information except as permitted herein;

f) fact witnesses or potential fact witnesses providing information to any counsel of record or testimony by deposition or at any court proceeding in this case but only in accordance with the procedures set forth in paragraph 8 of this Order; and

g) other persons by written agreement of the parties.

8. The Recipient of Confidential Information shall disclose such information to persons set forth in paragraphs 7(a) or 7(f), of this Order only under the conditions set forth below:

    a) Prior to disclosure of Confidential Information to persons described in paragraphs 7(a) or 7(f), the Recipient shall advise that person that, pursuant to this Order, he or she may not divulge such information to any other individual.

    b) Any person who receives Confidential Information pursuant to paragraphs 7(a) or 7(f), shall execute an Agreement in the form annexed hereto as Exhibit A. Each original, executed Agreement shall be maintained in the files of the Recipient and shall be available for review by all counsel and parties upon reasonable notice.

    c) The Recipient who discloses Confidential Information pursuant to paragraphs 7(a) or 7(f), shall maintain a list specifically identifying the persons to whom the information was disclosed and the Bates number and/or other means sufficient to identify such information disclosed.

9. In the event the Recipient disputes the Producing Party's designation of individual documents or a category of documents or information as Confidential Information, the Recipient shall notify the Producing Party in writing of such dispute. In an effort to settle such dispute without judicial intervention, the parties shall meet and confer to determine whether the restrictions imposed by this Order are warranted with respect to such disputed information. If resolution of the dispute cannot be reached, the Producing Party may apply to the Court for an

appropriate determination. In connection with such an application, the Producing Party shall bear the burden to show that the information is entitled to continued protection under the Federal Rules of Civil Procedure and applicable case law. During the pendency of such dispute or application, and until the court may rule otherwise, the information designated Confidential Information shall remain subject to the designations and restrictions of this Order.

10. Inadvertent failure to designate Confidential Information shall not be construed as a waiver, in whole or in part, and may be corrected by the Producing Party by written notification to the Recipient promptly upon discovery of the failure to designate.

11. The duty to keep confidential any information or documents designated as confidential survives the completion of this case. Within one hundred (100) days after the conclusion of this litigation, by adjudication (including appeals) or otherwise, the Recipient shall, at the written request of the Producing Party, destroy all copies of Confidential Information and any document incorporating such information. If requested by the Producing Party in a timely manner, the Recipient will certify in writing that all such materials have been destroyed.

12. Confidential Information shall not be filed in the public record of this litigation. Any Confidential Information that is filed with the Court, and any pleadings, motions, or other papers filed with the Court containing such information, shall be filed under seal under D.C.Colo.LCivR. 7.3. Where possible, only the portions of filings containing Confidential Information shall be filed with the Court under seal.

13. The restrictions set forth in this Order shall not apply to:

a) information that was, is or becomes public knowledge through its authorized release by a person or entity who rightfully obtained and possesses such information during the normal course of business, and not in violation of this Order;

b) Welch (or its subsidiaries), with respect to its own information or information received or created during the normal course of its own business.

Whether information that becomes a matter of public record in any other manner may still be subject to protection as confidential shall be determined according to the standards and procedures set forth in paragraphs 2 through 10 of this Order. The owner of Confidential Information shall be able to seek protection of that information in accordance with paragraph 6 of this Order even if it did not produce that information in discovery.

14. Nothing in this Order shall be deemed to be a limit or waiver of the attorney-client privilege, the work product privilege, or any other relevant privilege. Further, inadvertent production of privileged information shall not waive the privilege. If privileged information is inadvertently produced, the Recipient agrees that, upon request from the Producing Party, it shall promptly return all copies of Documents containing the privileged information, delete any versions of the Documents containing the privileged information on any database or computer filing system it maintains, and make no use of the privileged information.

15. Nothing in this Order shall prohibit any party from objecting to the production or disclosure of Confidential Information solely on the grounds that such information is confidential or sensitive, or on any other grounds. Furthermore, nothing in this Order shall preclude the parties from objecting to the admissibility or use of Confidential Information.

16. In the event plaintiff or her counsel obtain information of Welch's (or its subsidiaries) from a third party that Welch believes is confidential, Welch may designate such information Confidential Information pursuant to this Order and it shall be treated as such in accordance with this Order.

17. If a Recipient discloses Confidential Information in a manner not authorized herein, the Recipient must immediately and in writing notify the Producing Party of all pertinent facts relating to such disclosure and, without prejudice to other rights and remedies of the Producing Party, make every effort to prevent further disclosure by the Recipient or by the person to whom the Recipient disclosed such information.

18. The Court shall retain jurisdiction, both before and after the entry of final judgment in this case, whether by settlement or adjudication, to construe, enforce, and amend the provisions of this Order.

19. The parties shall have the right to seek modification of this Order from the Court upon showing of good cause.

Dated at Denver, Colorado this 22nd day of January, 2007.

                                             BY THE COURT:

                                           s/ Michael E. Hegarty
                                           Michael E. Hegarty
                                           United States Magistrate Judge

**EXHIBIT A**
**AGREEMENT CONCERNING INFORMATION COVERED BY THE STIPULATED PROTECTIVE ORDER ENTERED IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO**

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order (" Order") in *Joan McDonald v. Welch Equipment Co.*, Civil Action No. 06-cv-01873-ZLW-MEH and understands its terms, agrees to be bound by each of those terms, and agrees to subject himself/herself personally to the jurisdiction of The United States District Court for the District of Colorado for the purpose of enforcing its terms. Specifically, and without limitation upon such terms, the undersigned agrees not to use or disclose any Confidential Information made available to him/her other than in accordance with the Order.

Dated: _____, 2007.

By: _____

_____
(Type or print name of individual)